**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1594**

ANNIE ROBINSON; MONICA GAREY,

        Plaintiffs - Appellants,

    v.

PRINCE GEORGE'S COUNTY, MARYLAND; CORPORAL JENKINS; ALEX
KIM; DEOK LEE,

        Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Peter J. Messitte, Senior District
Judge. (8:09-cv-00181-PJM)

Submitted: January 31, 2012    Decided: February 13, 2012

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory L. Lattimer, LAW OFFICES OF GREGORY L. LATTIMER, PLLC,
Washington, D.C., for Appellants.   Kathleen M. McDonald, KERR
MCDONALD, LLP, Baltimore, Maryland; M. Andree Green, Acting
County Attorney, William A. Snoddy, Deputy County Attorney,
Shelley L. Johnson, Associate County Attorney, Upper Marlboro,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Travis Robinson was shot and killed in the parking lot of J's Sports Café in Laurel, Maryland. His mother, Annie Robinson, and Monica Garey, the mother and next friend of Robinson's minor children, (collectively, "Appellants") filed a lawsuit against Prince George's County, Maryland, Corporal Terrace Jenkins, Alex Kim, and Deok Lee (collectively, "Appellees"). The complaint alleged Survival Act and wrongful death claims for battery, deprivation of civil rights, intentional infliction of emotional distress, violation of the Maryland Constitution, and negligent hiring, training, and supervision. The district court granted Appellees' motions for summary judgment in two separate orders. Appellants appeal these orders. We affirm.

Appellants argue that the district court erred in resolving this case on summary judgment. They maintain that, contrary to the district court's holding, Kim's liability was not discharged in bankruptcy and that Kim and Lee are liable in their representative capacity as principals of J's Sports Café. Appellants also argue that the district court erred when it declined to permit an amendment of the complaint to add or substitute D&A Restaurant, LLC, as a defendant. Lastly, Appellants contend that the district court erred in holding that

2

no reasonable jury could find that Jenkins fired the shot that fatally injured Robinson.

This court reviews a district court's grant of summary judgment de novo. Purdham v. Fairfax Cnty. Sch. Bd., 637 F.3d 421, 426 (4th Cir. 2011). Summary judgment is proper only if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Facts must be viewed in the light most favorable to the non-moving party when there is a genuine dispute as to those facts. Witt v. W. Va. State Police, 633 F.3d 272, 277 (4th Cir. 2011). For a non-moving party to present a genuine issue of material fact, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks and citation omitted).

Because Appellants' claims all rely on the conclusion that Jenkins fatally wounded Robinson, we begin with their contention that the district court erred in finding no reasonable jury could reach such a conclusion. Appellants assert that the district court failed to draw all reasonable inferences in their favor. They argue that there is no evidence that Jenkins' 9mm Beretta was not capable of firing the .38

3

caliber round that fatally wounded Robinson. Appellants further suggest that a jury could infer that Jenkins shot Robinson with a second weapon, which he immediately discarded.

"[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (internal quotation marks omitted). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," but must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

The inferences Appellants advance rely heavily on Charles Hall's testimony. Hall testified that he was directly behind Robinson, running towards Jenkins and Robinson's vehicle, when Robinson was shot. Hall stated that Jenkins shot Robinson, that he saw the muzzle flash, and that Jenkins then holstered his gun.

We agree with the district court that Appellants have failed to raise a genuine dispute as to whether Jenkins fired the shot that fatally wounded Robinson. Jenkins' service weapon was examined on the scene and it was determined that it had not been fired recently. Appellants did not present evidence to the contrary or otherwise challenge this conclusion, but merely

4

speculate that a 9mm Berretta could fire a .38 caliber round. Appellants' conjecture that Jenkins may have, unobserved, fired and discarded a second weapon is similarly without any shred of evidentiary support. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007).[*] Thus, we find no basis to fault the district court's grant of summary judgment.

Because Appellants' claims all depend on the premise that Jenkins fired the fatal shot, we need not reach Appellants' remaining arguments. Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Appellants attempt to distinguish Harris, upon which the district court relied. They argued that Harris involved a videotape that recorded the entire event. We find the lack of video evidence to be of no moment. The case turns on whether Jenkins fired the shot that fatally injured Robinson. The physical evidence conclusively resolves this issue in Jenkins' favor.

5